# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40314
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY LAVANN GILES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-81

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodney Lavann Giles appeals his jury conviction of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Giles asserts that the evidence of his guilt was insufficient, in that the Government failed to prove that he entered into a conspiratorial agreement to commit bank fraud. Because Giles moved for a judgment of acquittal after the Government rested and the defense rested without presenting evidence, our review is de novo. *See United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40314

*v. Harris*, 666 F.3d 905, 907 (5th Cir. 2012).  We have considered the evidence in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Id.*; *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"To be convicted of conspiracy under § 1349, the jury must find: (1) two or more persons agreed to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined the agreement with the intent to further the unlawful purpose."  *United States v. Beacham*, ___ F.3d ___, 2014 WL 7014366, at 2 (5th Cir. Dec. 12, 2014).  Under the bank fraud statute, it is a crime to knowingly execute or attempt to execute a scheme or artifice to defraud a federally chartered or insured financial institution.  18 U.S.C. § 1344(1).

A conspiratorial "agreement may be inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances."  *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 134 S. Ct. 2318, *and cert. denied*, 134 S. Ct. 2320 (2014).  It is not necessary for the Government to prove that each conspirator knew all of the details of the conspiracy.  *United States v. Brown*, 727 F.3d 329, 339 (5th Cir. 2013).

The Government introduced overwhelming evidence showing that Giles entered into an agreement with others to commit bank fraud by submitting fraudulent residential mortgage loan applications.  Giles played an important role in the conspiracy by procuring and managing the buyers and sellers. There was ample evidence from which a reasonable juror could have found that Giles knowingly participated in a conspiracy to defraud banks.  *See Harris*, 666 F.3d at 907; *Beacham*, 2014 WL 7014366, at *2; *Simpson*, 741 F.3d at 547.

No. 13-40314

Giles contends also that the district court erred in refusing to permit him to introduce evidence showing his participation in a legitimate real estate transaction as evidence that he did not have the intent to commit bank fraud. Our review of the district court's evidentiary ruling is for an abuse of discretion. *United States v. Girod*, 646 F.3d 304, 318 (5th Cir. 2011).

Giles invokes Federal Rule of Evidence 405(b). Use of this rule is limited, however, "to cases where character is at issue 'in the strict sense' because that method of proof 'possess[es] the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time.'" *United States v. Gulley*, 526 F.3d 809, 818 (5th Cir. 2008) (quoting Rule 405 advisory committee notes). Giles did not offer the evidence as proof of an essential element of an affirmative defense but only to show that he lacked intent to commit the crime. Because Giles's character was not at issue in the strict sense, his reliance on Rule 405(b) is unavailing, and no abuse of discretion has been shown. *See id.*

AFFIRMED.